UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY E. STEVENSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:10CV2055 AGF/LMB |
| | ) |
| IAN WALLACE, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Missouri state prisoner Gregory E. Stevenson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court referred this matter to United States Magistrate Judge Lewis M. Blanton for a Report and Recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b). On August 14, 2013, Magistrate Judge Blanton filed his R&R recommending that Petitioner's original habeas petition should be dismissed. (Doc. No. 34). Thereafter, Petitioner and Respondent filed timely objections and counter-objections, respectively, to the Magistrate Judge's R&R. (Doc. Nos. 38 & 41).

Petitioner objects to the Magistrate Judge's determination that Grounds One and Two of his amended petition do not relate back to Grounds One and Two in his original petition, and argues that review of these amended grounds should be addressed on the merits. (Doc. No. 38). In addition, Petitioner objects to the Magistrate Judge's determination that all of the claims in Petitioner's amended habeas petition (Grounds One

- Six) should be dismissed as time-barred because they were filed after the statute of limitations expired. Specifically, Petitioner asserts that the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), provides a basis for statutory or equitable tolling of the statute of limitations of The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

Respondent agrees with the Magistrate Judge's conclusions and in response to Petitioner's objections, Respondent asserts that the claims in Petitioner's amended petition do not relate back to the claims in the original petition and are therefore time-barred. Furthermore, Respondent contends that Grounds One and Two of the original petition, and Grounds One through Six of the amended petition, are procedurally defaulted and that Petitioner has failed to demonstrate the requisite cause and prejudice to overcome that default. Finally, Respondent argues that each of Petitioner's claims lack merit and should be dismissed. (Doc. No. 41).

For the reasons discussed below, the Court concludes that Ground One, a portion of Ground Two, and Ground Four of the amended petition relate back to the original petition. A portion of Ground Two and Grounds Three, Five, and Six of the amended petition, however, do not relate back. Finally, the *Martinez* holding does not provide a basis for statutory or equitable tolling in this case and therefore, the claims in the amended petition that do not relate back are time-barred.

The Court concurs in the Magistrate Judge's determination that the claims in Petitioner's original petition should be dismissed because they are procedurally defaulted (Grounds One and Two) or fail on the merits (Grounds Three and Four). In addition, the

amended claims that relate back ultimately fail because Petitioner has failed to demonstrate cause and prejudice to overcome his procedural default.

For the reasons set forth below, this Court hereby sustains, adopts, and incorporates the Magistrate's R&R that the petition be dismissed, except to the extent that the Magistrate Judge determined that none of the claims in the amended petition relate back. Accordingly, Petitioner's request for habeas relief shall be denied.

## **BACKGROUND**

Petitioner timely filed his original habeas petition on October 28, 2010. (Doc. No. 1.) It is undisputed that the statute of limitations on Petitioner's habeas claim expired on March 18, 2011. One year later, on March 20, 2012, the Supreme Court decided the case of *Martinez v. Ryan*, in which it held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding . . . counsel in that proceeding was ineffective.

132 S. Ct. at 1320. The Supreme Court based its holding on equitable grounds and specifically declined to recognize an independent right to effective assistance of counsel in collateral proceedings. *Id.* at 1319.

On July 16, 2012, Petitioner filed a motion to amend his petition, along with a proposed amended petition. (Doc. No. 24.) The Magistrate Judge subsequently granted Petitioner leave to file the amended petition. (Doc. No. 27.) In his amended petition, Petitioner revised Grounds One and Two set forth in the original petition, and asserted four new grounds for relief predicated on ineffective assistance of post-conviction

3

counsel under *Martinez*. (Doc. No. 28.) On February 4, 2013, Petitioner filed a revised version of his amended petition, and subsequently moved to replace pages of his amended habeas petition. (Doc. Nos. 31 & 32.) The Magistrate Judge granted the motion to replace pages 23 through 48 of the amended petition, and considered both the amended petition and the replacement pages in making his Report and Recommendation. (Doc. Nos. 28, 31 & 34.)

## DISCUSSION

### A. Relation Back

Claims in an amended habeas petition filed after the expiration of AEDPA's limitations period may not be considered if they do not "relate back" to the date of the original habeas petition. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (citing Fed. R. Civ. P. 15(c)). Amended claims relate back to the original claims when both sets of claims arise out of the "conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In order for the amended claims to relate back they must be supported by facts of the same "time and type" as those in the original pleading. *Mayle*, 545 U.S. at 650. "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle*, 545 U.S. at 664. "A change in legal theory is not fatal to [Rule 15(c)(1)(B)]'s application," because it is the factual basis of the claims that is the essence of the relation-back determination. *Maegdlin v. Int'l Ass'n of Machinists and Aerospace Workers, Dist. 949*, 309 F.3d 1051, 1053 (8th Cir. 2002).

4

Relation back is proper when the amended claim merely tends to strengthen or amplify without essentially altering the existing claims. *Maegdlin*, 309 F.3d at 1053; *see also USX Corp. v. Barnhart*, 395 F.3d 161, 166-67 (3d Cir. 2004). For example, relation back has been permitted where the original petition alleged *Brady* violations, and the amended complaint alleged the Government's failure to disclose a particular report, both of which related to evidence "obtained at the same time by the same police department." *Mayle*, 545 U.S. at 664, n.7 (citing *Mandacia v. U.S.*, 328 F.3d 995, 1000 (8th Cir. 2003)).

Claims do not relate back "simply because they relate to the same trial, conviction, or sentence as a timely filed claim." *Mayle*, 545 U.S. at 662. Nor will relation back be deemed proper where the original and amended claims are premised on the same legal theory but not upon a common set of facts. *U.S. v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006).

1. Ground One of the Amended Petition

The Court concludes that Ground One of the amended petition, which alleges that the State failed to disclose that witness Stacey Townsend was facing federal charges when he testified, relates back to Ground One of the original petition, which alleged prosecutorial misconduct as a result of the State's failure to disclose that Townsend had a "deal" in place when he testified. (Doc. Nos. 1, 28, & 31.) Both allegations are based on the same common core of operative facts, namely, that when Townsend testified against Petitioner he was facing federal criminal charges, stood to benefit from providing the State with favorable testimony, and the State knew but failed to disclose this information

5

to the defense. Much like the situation in *Mandacia*, here Petitioner originally claimed that the facts gave rise to a *Brady* violation, and subsequently alleged on the basis of the same facts that a different constitutional violation arose because a particular piece of information was not disclosed.

2. Ground Two of the Amended Petition

The Court concludes that Ground Two of the amended petition, which alleges that: 1) Petitioner's trial counsel was ineffective for failing to move to strike Juror Schoenberger for cause after she stated in *voir dire* that she had three friends who were police officers and could not be impartial, and 2) Petitioner's direct appeal counsel was ineffective for failing to claim plain error for trial counsel's failure to move to strike Schoenberger, relates to a portion of Ground Two set forth in the original petition. In Ground Two of the original petition Petitioner alleged that he was denied his right to an impartial jury because Schoenberger stated that she had three friends who were police officers and that she could not be impartial.

Here, the first part of Petitioner's amended claim, regarding the ineffectiveness of trial counsel, relates back to the original claim. Both claims share a common core of contemporaneous, operative facts alleging that the Petitioner's right to an impartial jury was violated by the presence of a particular juror on the panel.

The second part of Petitioner's amended claim, regarding the ineffectiveness of direct appeal counsel, does not relate back. The facts underlying this claim are different in both time and type from those underlying the original claim. Any failures by direct appeal counsel occurred at a wholly different time than the trial errors complained of in

6

the original complaint. In addition, the type of error that would support a claim of ineffective assistance of direct appeal counsel would involve errors of investigation and failure to bring or preserve a claim during the appeal stage, rather than constitutional violations of Petitioner's right to an impartial jury at trial.

3. Ground Three of the Amended Petition

Ground Three of the amended petition, which alleges that trial counsel was ineffective for failing to impeach witness Townsend on cross examination regarding his testimony about whether Petitioner had a weapon on the night of the offense in question, does not relate back to any of the claims in the original petition. The underlying facts in the original Ground One are different in both time and type from the facts on which Ground Three of the amended petition is based. The facts underlying the original Ground One do not relate to Townsend's testimony about whether Petitioner could have possessed a weapon. Indeed, Petitioner admits in his Objections to the R&R that Ground Three of the amended petition does not relate back. (Doc. No. 38 at 5.)

4. Ground Four of the Amended Petition

Whether this amended claim relates back to Ground One of the original petition is a close question, and therefore, the Court, acting out of an abundance of caution, will assume that it does and consider the merits of Ground Four of the amended petition. As noted above, Ground One of the original petition alleged a *Brady* violation for the State's failure to disclose that Townsend had a plea deal in place when he testified. In Ground Four of the amended petition Petitioner alleges that trial counsel was ineffective for failing to investigate prior to Townsend's testimony whether he was facing any pending

7

charges. Petitioner argues that, because Townsend was facing federal charges, if trial counsel had investigated and discovered this information, it could have been used to impeach Townsend.

In this case relation back is arguably improper because neither the type nor the time frame of the alleged claims is the same. The original claim involves misconduct by the prosecution, while the amended claim asserts that trial counsel was ineffective. Both claims do, however, involve a common core of operative facts – that Townsend was facing federal charges, and that the defense was not aware of these charges when he testified. In light of these common facts the Court will assume relation back, contrary to the determination recommended in the R&R that Ground Four of the amended petition does not relate back and is therefore time barred.

### 5. Ground Five of the Amended Petition

This Court agrees with the R&R that Ground Five of the amended petition, which alleges that trial counsel was ineffective for failing properly to cross-examine the fingerprint analysts who testified at trial, does not relate back to any claims in the original petition. No claims in the original petition involve these witnesses or their testimony.

### 6. Ground Six of the Amended Petition

Likewise, the Court agrees with the finding in the R&R that Ground Six of the amended petition, alleging that trial counsel was ineffective for failing to come to trial prepared effectively to cross-examine the State's witnesses, does not relate back to any of the claims in the original petition. Petitioner's amended claim involves issues with the analysis of his fingerprints taken from the hood of the police car in the instant offense.

At most, those facts might be deemed to relate back to Ground Three of the original petition, which asserted that testimony regarding fingerprints taken at the time of a prior arrest was improperly admitted. These two grounds do not stem from a common core of operative facts, nor are they sufficiently linked in time or type to permit a determination that the amended ground should relate back to the original petition.

### B. Tolling of the Limitations Period

Petitioner argues that the Supreme Court's decision in *Martinez* provides a basis for tolling the limitations period so that Petitioner may raise the ineffective assistance of counsel claims in his amended petition that do not relate back.

Habeas claims are subject to either statutory or equitable tolling. AEDPA provides for a one-year statute of limitation for the filing of a federal habeas petition by a state prisoner. Under AEDPA, the limitation period for a claim based on a newly recognized constitutional right does not begin to run unless and until the Supreme Court makes that right retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C).

In addition to the statutory tolling provision in § 2244(d)(1), the one-year limitations period may be equitably tolled if a petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGugliemo*, 544 U.S. 408, 418 (2005). This equitable tolling doctrine, however, gives a habeas petitioner "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

In order to prevail on his statutory tolling argument, Petitioner would have to

9

establish that *Martinez* recognized a new constitutional right. The Eighth Circuit has not yet examined the question of whether *Martinez* provides a basis for statutory tolling of the limitations period under the AEDPA. But this Court agrees with the courts in this District which have concluded that *Martinez* does not provide a basis for extending the limitations period under § 2244(d)(1)(C) because the holding in *Martinez* was grounded in equity and did not establish a new rule of *constitutional* law. *See Martinez*, 132 S. Ct. at 1319; *see also Watkins-Israyl v. Missouri*, No. 4:13CV439 TCM, 2013 WL 1490580, at *1 (E.D. Mo. Apr. 11, 2013) (reaching the same conclusion that the equitable rule in *Martinez* cannot provide for statutory tolling under § 2244(d)(1)(C)); *Williams v. Ives*, No. 4:12CV652 JCH, 2012 WL 3939981, at *1 (E.D. Mo. Sept. 10, 2012) (reasoning that *Martinez* does not apply to issues of timeliness because it does not explicitly address statute of limitations arguments or the effect it should have on habeas timeliness analyses). Indeed, not only did the Supreme Court in *Martinez* specify that its holding was based on equity, the Court also explicitly rejected the notion that the decision gave rise to an independently cognizable constitutional right to effective assistance of post-conviction counsel. *Martinez*, 132 S. Ct. at 1319-20.

The Court recognizes that a radical change in the law may constitute an "extraordinary circumstance" for purposes of equitable tolling, but concludes that the *Martinez* ruling does not amount to such a radical change in law. *See Adams v. Thaler*, 679 F.3d 312, 320 (5th Cir. 2012) (concluding, in the context of motion under Fed. R. Civ. P. 60(b), that *Martinez* "is simply a change in decisional law" and is "not the kind of extraordinary circumstance that warrants relief"); *Kibby v. Kemna*, No. 4:07CV1123

ERW, 2012 WL 4464687, at *4 (E.D. Mo. Sept. 26, 2012); *but see Barnett v. Roper*, No. 4:03CV614 ERW, 2013 WL 1721205, at *14 (E.D. Mo. Apr. 22, 2013) (holding, for purposes of a capital habeas claim, that *Martinez* is one factor to consider when determining whether "extraordinary circumstances" justify equitable tolling).

On the basis of the foregoing, the Court concludes that *Martinez* does not provide a basis for either statutory or equitable tolling here. Therefore, the Magistrate Judge properly dismissed as time-barred the claims in the amended petition that do not relate back: Ground Two, in part; and Grounds Three, Five and Six.

## C. Procedural Default

Although the Court concludes that Ground One, a portion of Ground Two, and Ground Four of the amended petition are timely due to the application of the relation back doctrine, it nonetheless holds that they ultimately fail on their merits. Grounds One and Two of the amended petition are procedurally defaulted because they were not properly raised on direct appeal or in post-conviction proceedings. And *Martinez* does not excuse the default of Ground One because Petitioner does not assert ineffective assistance of trial counsel in that claim. *Martinez*, 132 S. Ct. at 1320. Similarly, there is no authority under *Martinez* to excuse the default of Ground Two. That Ground was procedurally defaulted not only at the initial post-conviction stage but also in subsequent post-conviction proceedings. *Id.* (holding that only those errors occurring at the initial-review stage of a collateral proceeding may provide cause for a default).

Ground Four of the Amended Petition also fails on the merits. Ground Four is procedurally defaulted but Petitioner can demonstrate cause to overcome the default

11

because a claim of ineffective assistance by post-conviction counsel in the initial collateral review proceeding is sufficient to establish cause under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Martinez*, 132 S. Ct. at 1318.

Nonetheless, such a procedural default cannot be excused unless the Court finds that the underlying claim of ineffective assistance of trial counsel is "substantial." *Id*. at 1318-19 (requiring that a petitioner, in order to avoid a procedural bar also demonstrate that the underlying ineffective assistance of counsel claim is "substantial," i.e., that it has "some merit"); *cf. Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (describing standards for the issuance of certificates of appealability and requiring a "substantial showing of the denial of a constitutional right") (internal quotations omitted). Here, as the State Appellate Court noted, counsel elicited on cross-examination that Townsend hoped to receive a better deal after testifying for the State. Resp. Ex. J at 4. And finally, Ground Four is procedurally barred because Petitioner has failed to demonstrate that he was prejudiced by counsel's allegedly ineffective representation.

## CONCLUSION

Having considered the amended habeas petition, the Magistrate Judge's Report and Recommendation and the parties' objections, the Court concludes that Petitioner is not entitled to federal habeas relief. Furthermore, with respect to the issuance of a Certificate of Appealability under 28 U.S.C. §2254(d)(2), the Court does not believe that reasonable jurists might find the Court's assessment of the procedural or substantive issues presented in this case debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322,

337 (2003) (standard for issuing a Certificate of Appealability) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation is sustained, adopted and incorporated herein, except as modified by this Memorandum and Order.

**IT IS FURTHER ORDERED** that Petitioner's objections to the Magistrate Judge's Report and Recommendation are granted in part and denied in part, as set forth in this Memorandum and Order.

**IT IS FURTHER ORDERED** that Respondent's counter-objections to the Magistrate Judge's Report and Recommendation are overruled.

**IT IS FURTHER ORDERED** that the petition of Gregory E. Stevenson for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not issue in this case.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2014.