UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY E. STEVENSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:10CV02055 AGF |
| | ) |
| IAN WALLACE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Missouri state prisoner Gregory E. Stevenson for reconsideration under Federal Rule of Civil Procedure 59(e) of this Court's Memorandum and Order denying his amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner argues that the Court erred in concluding that claims in his amended petition had been procedurally defaulted and that a basis to excuse the default was not shown. For the reasons set forth below, Petitioner's motion for reconsideration will be granted with respect to the claim that defense counsel was ineffective in failing to strike a certain juror for cause. The Court concludes that cause for the procedural default of this potentially-meritorious claim exists, and that an evidentiary hearing is warranted on the merits of the claim.

## BACKGROUND

Petitioner was convicted of one count of felony assault of a law enforcement officer and one count of armed criminal action for shooting at the officer. He titled two separate claims in his amended petition for federal habeas relief (Doc. No. 31) as

"Ground 2." In the first Ground 2 he claimed that his trial counsel was ineffective for failing to move to strike a certain juror for cause after she stated in voir dire that she had friends who were police officers and that she could therefore not be impartial. In the second Ground 2 Petitioner asserted that direct appeal counsel was ineffective in failing to raise a due process claim based on this juror sitting on the jury that convicted Petitioner. In Ground 4 he claimed that his trial counsel was ineffective for failing to investigate and uncover that a witness who testified for the state, Stacey Townsend, was facing federal charges at the time of his testimony.

In its January 28, 2014 Memorandum and Order, the Court concluded, in relevant part, that the above claims were procedurally defaulted because they were not raised to the motion court in Petitioner's state post-conviction proceedings. The Court further concluded that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) (holding that "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial" where the prisoner demonstrates that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit"), did not did provide a basis for overcoming the defaults.

In so holding, the Court was not clear in its treatment of the first Ground 2 and the second Ground 2 as separate claims. With respect to Ground 4, the Court held that this defaulted claim of ineffective assistance of trial counsel was not "substantial" in light of the entire record. Petitioner now asserts that the Court erred in ruling that *Martinez* did not warrant a finding of cause and prejudice to excuse his default of the claims in the first

Ground 2 and in Ground 4, and further that these claims have merit. Petitioner focuses his argument on the first Ground 2 claim, that is, that his trial counsel was ineffective in failing to strike the juror in question for cause, and that the ineffective assistance of initial post-conviction counsel excuses the default of this claim.[1]

## DISCUSSION

With respect to Ground 4, Petitioner alleges no facts, omissions of fact, or errors of law applicable to the Court's previous holding that this defaulted claim of ineffective assistance of trial counsel was not "substantial" in light of the entire record. For this reason, the Court concludes that Petitioner has not demonstrated a basis for relief under Rule 59(e) with respect to Ground 4.

A more difficult question is presented with respect to the first Ground 2. *Martinez* reiterated the general principle that "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez*, 132 S. Ct. at 1316. *Martinez* added to the jurisprudence of the doctrine of procedural default that such cause can be established by showing that initial-review post-conviction counsel was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), in not raising the defaulted claim to the motion court. *Id*. at 1318. Specifically, Petitioner must demonstrate that post-conviction counsel's performance was

---

[1] In his motion for reconsideration, Petitioner also mentions "Ground 1" (prosecutorial misconduct in not informing the defense that Townsend was facing federal charges) but offers no argument with respect to this claim. The Court's review of the record convinces the Court that reconsideration with respect to this claim is not warranted.

deficient and that this deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

Turning to the record in the case, at voir dire, defense counsel asked the venirepanel whether anyone had family members who were attorneys, probation officers, or law enforcement officers in the area. After several panel members answered and were questioned further as to whether they could be impartial, the following exchange took place:

> VENIREMEMBER SCHOENBERGER: I have three good friends that are police officers.
> DEFENSE COUNSEL: Okay.
> VENIREMEMBER SCHOENBERGER: They're in St. Louis County and one in Jefferson County. But I don't think I could be impartial.
> DEFENSE COUNSEL: Is there something about your experience that would cause you to be . . .
> VENIREMEMBER SCHOENBERGER: Yes.
> DEFENSE COUNSEL: Thank you, ma'am.

(Resp. Ex. A at 49.) Defense counsel then moved on to question another venireperson. Schoenberger was not questioned further on the matter. This was the first time Schoenberger spoke during voir dire. A few minutes later she spoke again. Defense counsel asked the venirepanel whether anyone had a relative who was in prison or had charges pending. Schoenberger responded that she had an uncle with several DWIs, but that she did not talk to him and there was nothing about the experience that would cause her not to be fair or impartial in Petitioner's trial. *Id*. at 53. Schoenberger did not make any further comments during voir dire. She was not struck from the panel and she sat on the jury that convicted Petitioner.


In considering whether defense counsel was constitutionally ineffective under *Strickland*, in this context, "[p]rejudice exists if counsel fails to . . . move to strike a juror and that juror is found to be biased, because this evinces a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Ruderman v. Ryan*, 484 F. App'x 144, 145 (9th Cir. 2012) (citation omitted). Put another way, "[t]he presence of a biased juror cannot be harmless; the error requires a new trial without a showing of actual prejudice." *Smith v. Swarthout*, 742 F.3d 885, 892 n.2 (9th Cir. 2014) (citation omitted); *see also Treesh v. Bagley*, 612 F.3d 424, 437 (6th Cir. 2010) ("To show prejudice arising out of trial counsel's failure to challenge a juror . . . [a habeas petitioner] must show that the juror was biased against him. If a biased juror was impaneled, prejudice under *Strickland* is presumed, and a new trial is required.") (citation omitted).

"A demonstration of actual bias requires an impermissible affirmative statement; an 'equivocal' statement is insufficient." *Williams v. Norris*, 612 F.3d 941, 954-55 (8th Cir. 2010) (citation omitted). "Actual bias is typically found when a prospective juror states that he cannot be impartial." *Ruderman*, 484 F. App'x at 145-46. Here the record suggests actual bias by Schoenberger, especially in light of the charges Petitioner was facing, and resulting prejudice to the defense, in a way that may establish a violation of Petitioner's constitutional right to the effective assistance of trial counsel.

The Court believes that Respondent's reliance on *United States v. Johnson*, 688 F.3d 494 (8th Cir. 2012), for the proposition that Petitioner must show actual prejudice is misplaced, which based on the evidence against him, he cannot do. In that case the

Eighth Circuit held that defense counsel's failure to strike a juror constituted a waiver of the defendant's right to challenge *on direct appeal* the seating of the juror. *Id*. at 502.[2] The present case, however, involves a habeas claim that trial counsel was ineffective for failing to move to strike for cause a biased juror. The other case cited by Respondent as lending support to its position, *Young v. Bowersox*, 161 F.3d 1159, 1160-61 (8th Cir. 1998) (holding that failure by defense counsel to lodge a *Batson* objection is not presumptively prejudicial for purposes of a federal habeas claim of ineffective assistance of counsel), is also inapposite.

Rather than granting habeas relief on the first Ground 2 claim, however, and ordering a new trial, the Court believes that the better course to follow is to conduct an evidentiary hearing on the matter. *See Sasser v. Hobbs*, 735 F.3d 833, 855 (8th Cir. 2013) (finding that the procedural default of four potentially-meritorious ineffective assistance of trial counsel claims was excused under *Martinez*, and remanding the case for an evidentiary hearing on those claims). It may be that defense counsel had a reasonable strategic rationale for not striking Schoenberger. Respondent suggested this alternative course of action in his response to Petitioner's amended petition for habeas relief.

Although respondent suggested that if the Court determined that a hearing was warranted, the hearing should also cover whether initial post-conviction counsel was

---

[2] *Johnson* involved a juror who stated during voir dire that there "might be a possibility" she would find law enforcement officers more credible than others, but that she would try to be objective. The charges in the case were possession with intent to distribute drugs and distribution of drugs.

ineffective in failing to raise the issue in question, the Court does not believe that is necessary here. Based on the record, the Court concludes that it was deficient performance for initial post-conviction counsel not to raise the matter for consideration by the state courts. If the Court concludes, following the hearing, that defense counsel's performance was constitutionally deficient in not moving to strike Schoenberger, the presumed prejudice in that context will satisfy the prejudice requirement to excuse the procedural default.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for reconsideration of the Court's January 28, 2014 Memorandum and Order is **GRANTED in part** and **DENIED in part**. The motion is denied with respect to all claims except the claim that trial counsel was ineffective in failing to move to strike Juror Schoenberger.

**IT IS FURTHER ORDERED** that an evidentiary hearing on Petitioner's claim that trial counsel was ineffective in failing to move to strike Juror Schoenberger is set for Monday, September 15, 2014, at 10:00 a.m.

**IT IS FURTHER ORDERED** that counsel to represent Petitioner in this matter shall be appointed by separate Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of July, 2014.