UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY E. STEVENSON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:10CV02055 AGF |
| IAN WALLACE, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Missouri state prisoner Gregory E. Stevenson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon reconsideration under Federal Rule of Civil Procedure 59(e) of this Court's Memorandum and Order denying habeas corpus relief, and after an evidentiary hearing on the matter, the Court finds that habeas relief should be granted on the ground that defense counsel was ineffective in failing to request the removal of a biased juror.

## BACKGROUND

Petitioner was convicted of one count of felony assault of a law enforcement officer and one count of armed criminal action for shooting at the officer. He titled two separate claims in his amended petition for federal habeas relief (Doc. No. 31) as "Ground 2." In the first Ground 2 he claimed that his trial counsel was ineffective for failing to move to strike a certain juror for cause after she stated in voir dire that she had friends who were police officers and that she could therefore not be impartial.

In its January 28, 2014 Memorandum and Order, the Court concluded, in relevant part, that the above claim was procedurally defaulted because it was not raised to the motion court in Petitioner's state post-conviction proceedings. The Court further concluded that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) (holding that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial" where the prisoner demonstrates that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit"), did not provide a basis for overcoming the default.

On February 20, 2014, Petitioner moved for reconsideration under Federal Rule of Civil Procedure 59(e). Petitioner asserted that the Court erred in ruling that *Martinez* did not warrant a finding of cause and prejudice to excuse his default of the claim that his trial counsel was ineffective in failing to strike a juror for cause.

The juror in question was Teresa Schoenberger. At voir dire, the prosecutor asked the venirepanel whether anyone had family members who were attorneys, probation officers, or law enforcement officers in the area. Sixteen panel members answered in the affirmative, and in each case, the prosecutor followed up with the question whether there was anything about the venireperson's experience "that would cause [him or her] not to be fair and impartial in this case today." (*See, e.g.,* Resp. Ex. A at 37-50.) Ten of the 16 venirepersons in question answered firmly that they could be fair and impartial. (*Id.* at 40-46, 50.)

Three venirepersons gave more ambiguous answers regarding their ability to remain impartial. Venireperson Goode testified that she would "like to think" there was nothing about her brother being a police officer that would prevent her from being impartial but she "wouldn't guarantee it." (*Id.* at 37.) The prosecutor then attempted to rehabilitate this juror by asking "[s]o . . . you're not sure you can [be] able to set your experience aside, and just be fair and impartial here today?" (*Id.* at 38.) Venireperson Goode responded that she "would like to think [she] could be." (*Id.*) Likewise, Venireperson Rippee answered that she had a brother in law enforcement, and she would "be fair," but it would be "close to home." (*Id.* at 39.) The prosecutor attempted to rehabilitate by asking whether she would "try to set [her] feelings aside and try to be fair and impartial today?" (*Id.*) Venireperson Rippee answered "[y]es." (*Id.*) Venireperson Hartsell similarly answered that his neighbors were state highway patrol officers and he "might have a problem listening about" an assault on a law enforcement officer. (*Id.* at 47.) The prosecutor again attempted to rehabilitate this juror by asking whether he could "follow the instructions and be fair in this case," and Venireperson Hartsell answered "[y]es, I think I could, but . . . it would be hard for me to do so." (*Id.*)

The remaining three venirepersons who had relationships with law enforcement officers answered that they could not be impartial or that they would have trouble being impartial. These were Venirepersons Mason, Brown, and Schoenberger. Venireperson Mason answered that his experience having a neighbor who was a federal agent would make it "pretty tough" to be impartial. (*Id.* at 47-48.) Venireperson Brown testified that

because her niece was married to a police officer, she "[didn't] know if [she] could honestly be impartial" and she would "probably say guilty." (*Id.* at 48-49.)

With respect to Venireperson Schoenberger, the following exchange took place:

VENIREPERSON SCHOENBERGER: I have three good friends that are police officers.
PROSECUTOR: Okay.
VENIREPERSON SCHOENBERGER: They're in St. Louis County and one in Jefferson County. But I don't think I could be impartial.
PROSECUTOR: Is there something about your experience that would cause you not to be--
VENIREPERSON SCHOENBERGER: Yes.
PROSECUTOR: Thank you, ma'am.

(*Id.* at 49.)

The prosecutor then moved on to question another venireperson. Schoenberger was not questioned further on the matter. This was the first time Schoenberger spoke during voir dire. A few minutes later she spoke again. The prosecutor asked the venirepanel whether anyone had a relative who was in prison or had charges pending. Schoenberger responded that she had an uncle with several DWIs, but when asked whether there was "anything about [the experience] that would cause [her] not to be fair and impartial here today," Schoenberger responded "[n]o, we don't talk to him." (*Id.* at 53.) Schoenberger did not make any further comments during voir dire.

In defendant's portion of voir dire, defense counsel questioned several of the venirepersons who indicated a relationship with law enforcement officers, but defense counsel did not ask any questions of Schoenberger. Following voir dire, defense counsel moved to strike Venirepersons Mason, Brown, Goode, Rippee, and Hartsell for cause, because of their answers regarding their ability to be impartial, and all were stricken for

cause. (*Id.* at 90-91.) But defense counsel did not move to strike Schoenberger, and Schoenberger sat on the jury that convicted Petitioner.

After reviewing these facts, on July 29, 2014, the Court granted Petitioner's motion for reconsideration solely with respect to Petitioner's claim that trial counsel was ineffective for failing to move to strike Schoenberger, and the Court held that an evidentiary hearing on this issue was warranted. (Doc. No. 48.)

The Court held that under *Martinez*, cause for default may be established by showing that initial-proceeding post-conviction counsel was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), in not raising the defaulted claim to the motion court. (*Id.* at 3.) The Court noted that the record strongly suggested actual bias by the juror in question and resulting prejudice to the defense, which in this context may both excuse the procedural default and establish a violation of Petitioner's constitutional right to the effective assistance of trial counsel. (*Id.* at 5.) However, the Court held that an evidentiary hearing would shed light on whether, for example, trial counsel had a reasonable strategic reason for not striking the juror. (*Id.* at 6.)

An evidentiary hearing was held on September 15, 2014. Both attorneys who represented Petitioner at trial, Jacob Zimmerman and Ian Page, appeared and testified at the evidentiary hearing, as did Petitioner's post-conviction counsel, Lisa Stroup. Juror Schoenberger did not appear at the evidentiary hearing.

Zimmerman and Page both testified that they could not think of any strategic reason for their failure to move to strike Schoenberger and that there would be no reason not to move to strike Schoenberger for her statement in voir dire that she could not be

impartial.  However, both attorneys testified that they did not specifically remember the voir dire in this case, and that it was possible they did not hear Schoenberger's answer or they heard a different answer than what is reflected in the transcript.  Both attorneys also testified that their normal practice would have been to take notes during voir dire, but neither attorney could find his notes.  The Court provided both attorneys an opportunity to review the legal file in this case, to see if their notes could be found.  The attorneys did not find their complete notes, but they did find some notes from their paralegal.  With respect to Schoenberger, the paralegal's note stated "LEO—fair," which Zimmerman testified he understood to mean that the paralegal had noted Schoenberger as someone who could be fair to law enforcement.  The paralegal was not called as a witness at the evidentiary hearing.

Post-conviction counsel Stroup testified that she, too, had no strategic reason for failing to raise an ineffective assistance of counsel claim for trial counsel's failure to move to strike Schoenberger.  Unlike trial counsel, Stroup still had her handwritten notes from when she represented Petitioner, and in those notes, she had flagged Schoenberger's statement during voir dire and noted Schoenberger's inability to be impartial as a potential issue for post-conviction relief.  But Stroup did not include this issue in the post-conviction motion she prepared for Petitioner.  Stroup testified that she could not think of any reason for this omission, and that she could not even say the omission was the result of a conscious decision.

In its post-hearing brief, Respondent concedes that "[a]ccording to the [trial] transcript, Ms. Schoenberger firmly indicated that her familiarity with law enforcement

officers would prevent her from being fair and impartial." (Doc. No. 61 at 2.) Respondent also does not dispute that by trial counsel's own testimony, the attorneys' failure to move to strike Schoenberger was not a strategic decision but merely a "mistake." (*Id.* at 13.) However, Respondent argues that "[s]uch a mistake represents the error of an ordinary fallible lawyer, not an act demonstrating incompetence[.]" (*Id.* at 12.)

Similarly, Respondent argues that post-conviction counsel's failure to raise trial counsel's mistake as an ineffective assistance of counsel claim in state court did not rise to the level of incompetence. Although post-conviction counsel testified at the evidentiary hearing before this Court that she could not think of any reason for failing to raise an ineffective assistance of counsel claim in state court, Respondent argues that "the only reasonable conclusion" from post-conviction counsel's testimony is that "after reviewing the case files of trial counsel, she came to the conclusion that there was not a meritorious claim[] of ineffective assistance of counsel as: 1) counsels simply misheard what Ms. Schoenberger said and 2) counsels' mishearing a venireperson's answer does not meet the *Strickland* test for incompetence." (*Id.* at 11.) Finally, Respondent argues that Petitioner has not shown that trial counsel's failure to move to strike Schoenberger was prejudicial because, in light of the overwhelming evidence in this case, "there is no reasonable probability that an unbiased jury would reach a different result." (*Id.* at 16.)

## DISCUSSION

As discussed in the Court's prior order granting reconsideration, in order to obtain federal review of the defaulted claim of ineffective assistance of trial counsel under

*Martinez*, Petitioner must demonstrate that (1) post-conviction counsel's failure to raise the ineffective assistance of counsel claim was itself ineffective, meaning that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would provide, and (2) this deficient performance prejudiced the defense. *Martinez*, 132 S. Ct. at 1318. The latter element requires a showing that the procedurally defaulted claim is meritorious, so the Court will first discuss the merits of Petitioner's underlying ineffective assistance of trial counsel claim. To prevail on the merits of that claim, Petitioner must likewise demonstrate that (1) trial counsel's performance was deficient, and (2) this deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

Regarding the first element, "[a]bsent the showing of a strategic decision, failure to request the removal of a biased juror can constitute ineffective assistance of counsel." *Johnson v. Armontrout*, 961 F.2d 748, 755 (8th Cir. 1992). The inquiry is twofold: first, whether the juror was actually biased, and second, whether defense counsel had any strategic reason for failing to request the juror's removal.

"A demonstration of actual bias requires an impermissible affirmative statement; an 'equivocal' statement is insufficient." *Williams v. Norris*, 612 F.3d 941, 954-55 (8th Cir. 2010). "Bias can be revealed by a juror's express admission of that fact, but more frequently, jurors are reluctant to admit actual bias, and the reality of their biased attitudes must be revealed by circumstantial evidence." *United States v. Allsup*, 566 F.2d 68, 71 (9th Cir. 1977). The relevant question is "did [the] juror swear that he could set aside any opinion he might hold and decide the case on the evidence[?]" *Patton v. Yount*, 467 U.S. 1025, 1036 (1984); *see also Irvin v. Dowd*, 366 U.S. 717, 723 (1961) ("It is

sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court."). In this case, given Schoenberger's open declaration of her inability to be fair, with no subsequent assurance of impartiality and no rehabilitation by way of clarification or follow-up questions, the Court finds that Schoenberger was actually biased.

It was because of Schoenberger's express admission of bias that this Court held an evidentiary hearing to determine whether trial counsel had any strategic reason for failing to request Schoenberger's removal. But at the evidentiary hearing, trial counsel candidly admitted that the failure to move to strike Schoenberger was not a matter of strategy at all, but was simply a mistake.[1] Respondent correctly asserts that not every attorney mistake amounts to ineffective assistance, and that criminal defendants are only entitled to competent, not perfect, representation. Indeed, under *Strickland*, judicial scrutiny of counsel's performance is highly deferential, and "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time[,]" applying a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. For this reason, had trial counsel offered any reasonable justification for failing to request Schoenberger's removal, the Court would have granted counsel's decision the utmost deference. But counsel was unable to conceive of any such reason for failing to move to

---

[1] Trial counsel could not credibly testify otherwise, as any assertion of strategy would be belied by the fact that trial counsel did move to strike every other juror who expressed any indication of bias and was in fact successful in striking each such juror.

strike Schoenberger or even to ask Schoenberger any follow-up questions.  Although the Court appreciates that counsel and counsel's support staff may have not heard, or may have misheard, Schoenberg's answer, the Court finds that this mistake, in an area of such constitutional magnitude as jury bias, constitutes a failure to exercise the skill and diligence of a reasonably competent attorney.  *See Johnson*, 961 F.2d at 755;  *Hughes v. United States*, 258 F.3d 453, 462 (6th Cir. 2001) ("[W]hen a venireperson expressly admits bias on voir dire, without a court response or follow-up, for counsel not to respond in turn is simply a failure to exercise the customary skill and diligence that a reasonably competent attorney would provide.").

Regarding the second element of Petitioner's ineffective assistance of counsel claim, to demonstrate prejudice, Petitioner must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.  Respondent argues that counsel's failure to move to strike Schoenberger constitutes harmless error because of the overwhelming evidence against Petitioner at trial.  Although most trial errors may be excused as harmless, errors rising to the level of "structural defects in the constitution of the trial mechanism . . . defy analysis by harmless-error standards."  *Arizona v. Fulminante*, 499 U.S. 279, 309 (1991); *see also Sweeney v. United States*, 766 F.3d 857, 861 (8th Cir. 2014) ("A structural defect is something that affects the framework within which the trial proceeds, rather than simply an error in the trial process itself[,]" and "[o]nly structural defects that undermine the fairness of a criminal proceeding as a whole require reversal without regard to the mistake's effect on the proceeding.") (citations omitted).

The United States Supreme Court has held that "[a]mong those basic fair trial rights that can never be treated as harmless is a defendant's right to an impartial adjudicator, be it judge or jury." *Gomez v. United States*, 490 U.S. 858, 876 (1989) (citations omitted); *see also Fulminante*, 499 U.S. at 309 (listing presence of biased judge as example of structural error not subject to harmless error analysis). This is because "[t]rying a defendant before a biased jury is akin to providing him no trial at all. It constitutes a fundamental defect in the trial mechanism itself." *Johnson*, 961 F.2d at 755; *see also United States v. Mitchell*, 690 F.3d 137, 148 (3d Cir. 2012) ("[T]he denial of the defendant's right to an impartial adjudicator, be it judge or jury, is a structural defect in the trial. And, we have held, errors classified as structural defects are 'coextensive' with errors presumed prejudicial on plain error review.") (citations omitted); *Thompson v. Altheimer & Gray*, 248 F.3d 621, 622 (7th Cir. 2001) ("Denial of the right to an unbiased tribunal is one of those trial errors that is not excused by being shown to have been harmless."). The error is a structural one, even if the bias relates to only a single juror. *Smith v. Swarthout*, 742 F.3d 885, 892 n.2 (9th Cir. 2014) ("The presence of a biased juror cannot be harmless; the error requires a new trial without a showing of actual prejudice.") (citation omitted).

As such, "a defendant whose attorney fails to attempt to remove biased persons from a jury panel is prejudiced." *Johnson*, 961 F.2d at 756 (granting habeas relief on the ground that "[c]ounsel's failure to attempt to bar the seating of obviously biased jurors constituted ineffectiveness of counsel of a fundamental degree"); *see also Hughes*, 258 F.3d at 462 ("[G]iven that a biased juror was impaneled in this case, prejudice under

*Strickland* is presumed, and a new trial is required."). The Court thus finds that Petitioner has proven both elements of his ineffective assistance of trial counsel claim.

Having found that Petitioner's underlying ineffective assistance of trial counsel claim is meritorious, the Court now considers whether post-conviction counsel's failure to raise that claim in state court was itself ineffective, so as to excuse Petitioner's procedural default. Contrary to Respondent's speculation that post-conviction counsel must have made a strategic decision to forego an ineffective assistance of counsel claim in state court, post-conviction counsel, who had made note of the biased response, explicitly testified before this Court that she could not think of any reason for failing to raise an ineffective assistance of counsel claim on the record on this case, and that her failure to do so was not a matter of strategy and may not even have been a conscious decision. On these facts, for the same reasons the Court finds that trial counsel's unintentional and unreasoned failure to move to strike Schoenberger constituted ineffective assistance, post-conviction counsel's unintentional and unreasoned failure to raise an ineffective assistance of counsel claim in state court was itself ineffective and therefore excuses Petitioner's procedural default.

## **CONCLUSION**

For the reasons set forth above, the Court finds that post-conviction counsel was ineffective for failing to raise an ineffective assistance of counsel claim in state court, and the claim merits relief in this case because trial counsel was ineffective for failing to move to strike Juror Schoenberger.

Accordingly,

**IT IS HEREBY ORDERED** that Gregory Stevenson's petition for a writ of habeas corpus is **GRANTED**.

**IT IS FURTHER ORDERED** that the State of Missouri shall have the option of re-trying Petitioner within 180 days of the date of this Memorandum and Order, or releasing him.

A separate document granting the writ shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of October, 2014.